(98 South. 187)

### CULBREATH et al. v. WALKER.
### (8 Div. 405.)

(Supreme Court of Alabama.   Nov. 29, 1923.)

**1. Mortgages ☞459(1)—Defense of release and satisfaction not raised by pleadings.**

An answer in an action to foreclose a lost and unrecorded mortgage, which, after admitting execution, set up certain payments and alleged that after such payments, though there remained a substantial amount unpaid, the mortgagee had returned the notes secured, marked "paid," together with the mortgage, both of which were then destroyed, *held* to raise only the issue of payment and not to set up 'a release or satisfaction in writing, sufficient, under Code 1907, § 3973, according to the intent of the parties, to entitle defendant to prevail upon proof of such a release.

**2. Mortgages ☞459(1)—General accounting in foreclosure proceeding unwarranted under pleadings.**

Where the answer in an action to foreclose a mortgage, without offering any outside debt as a set-off to the mortgage debt, alleged that after partial payment the note secured and mortgage had been returned and destroyed, *held,* that a general accounting was not available to defendants under the pleadings.

Appeal from Circuit Court, Marshall County; W. W. Haralson, Judge.

Bill by Mary Walker against John H. Culbreath and others. Decree for complainant, and respondents appeal. Affirmed.

The bill is filed for the foreclosure of a mortgage on land, executed by the respondents, John H. Culbreath and wife, in July, 1910, to the complainant, to secure a debt of $400, due in equal installments in one, two, three, and four years, without interest. It is alleged that only two payments have been made on said debt, $25 and $40, respectively, and, further, that the mortgage was never recorded, and that it and the note have been misplaced or destroyed by accident or otherwise.

The answer admits the execution of the note and mortgage as alleged, but alleges that said indebtedness was paid in full and that complainant had thereupon surrendered said papers to respondents as having been paid in full.

Complainant's testimony supported the allegations of the bill, and denied that she ever surrendered or delivered said papers to respondents, and asserted that the entire debt was due, subject to the two credits stated.

The respondent Culbreath testified that he made four payments on the note—the two admitted by the bill, and also one for $35 and one for $36—and further that complainant came to his home in 1912, and said she had brought "her old notes," and that they were marked "Paid," and that she turned over the note and mortgage to him, and, further, that he had torn them up and thrown them away.

The trial court found against the contention of respondents as to the satisfaction and surrender of the mortgage and note, but allowed the four credits claimed, and decreed in favor of complainant for a balance of $587.40. Respondents appeal.

Street & Bradford, of Guntersville, for appellants.

Counsel argue for error in the decree, but without citing authorities.

J. A. Lusk & Son, of Guntersville, for appellee.

The defendant set up payment as a defense, and the burden is on him to establish that fact to the reasonable satisfaction of the court. Pollak v. Winter, 166 Ala. 255, 51 South. 998, 52 South. 829, 53 South. 339; 21 R. C. L. 119; Shepherd v. B. T. & H. Co., 198 Ala. 275, 73 South. 498.

SOMERVILLE, J. [1] Under the pleadings in this case, the only proper issue was payment of the mortgage debt, in whole or in part. The trial court allowed to respondents full credit for all the payments they claimed to have made, and decreed for complainant for the balance with interest. The theory of appellants seems to be that there was such a release of the debt as to work its discharge, notwithstanding a large balance remained unpaid. We are not reasonably satisfied by the testimony that complainant ever surrendered the mortgage and note to respondents, or that she indorsed on them "paid" or "satisfied." But, in any event, the answer does not set up a release or satisfaction in writing which could have effect under Code, § 3973, according to the intention of the parties, and hence respondents could take nothing by proof of such a release.

[2] Nor does the answer offer any outside debt as a set-off to the mortgage debt, and a general accounting was not available to respondents.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

These considerations lead to the conclusion that the decree of the trial court is free from error and should be affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and BOULDIN, JJ., concur.